UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HILARIA J. QUINONES,

Plaintiff,

-against-

HON. BEN. R. BARBATO; DR. NERMICA SARCEVIC; JACOBI MEDICAL CENTER; MOUNT SINAI; BASEA HEALTH CENTER; AND MANY MORE LISTED DEFENDANTS,

Defendants.

25-CV-4325 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

This action was originally filed in the United States District Court for the Eastern District of New York, which transferred it here.[1] By order dated June 30, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

[1] *Quinones v. Barbato,* No. 25-CV-2628 (E.D.N.Y. May 15, 2025).

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

**BACKGROUND**

The following facts are drawn from the complaint. [2] "[M]y entire life as [H]ilaria Quinones in all New York City from, approximately date of birth 12-20-1988 to still ongoing now . . . [Defendants were] involved in legal given legal status and bio legal born status of my real legal CIA inheritance status of all sorts[.]" (ECF 1, at 9.) Plaintiff claims that "all witnesses possibly illegally wiped out, in cover up possible attempt, or security eye witnesses attempt." (*Id.*) Plaintiff indicates that she has suffered "many injuries of all sorts that I will like to keep private until tr[ia]l, with evidence[] to be provided." (*Id.* at 10.) She "seek[s] much needed justice for my self and then all any . . . real proven vict[i]ms." (*Id.*)

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

## DISCUSSION

Even when the Court construes Plaintiff's pleadings with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 475, the Court finds that the allegations do not plausibly allege a violation of Plaintiff's rights. The Court must not dismiss a complaint simply because the facts alleged appear to be "unlikely," *Denton*, 504 U.S. at 33, but a finding of factual frivolousness is warranted when the facts alleged are "clearly baseless," "fanciful," "fantastic," "delusional" or wholly incredible, "whether or not there are judicially noticeable facts available to contradict them." *Id.* at 32-33; *see Livingston*, 141 F.3d at 437. "Plaintiff's beliefs − however strongly [s]he may hold them − are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022).

The Court finds that, because Plaintiff does not provide any plausible factual support for her claim that Defendants played a role in her "real legal CIA inheritance status," the claim rises to the level of the irrational and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that defendants had violated his privacy in "order to collect his personal data and harass him"). Accordingly, the Court dismisses this action as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

## LEAVE TO AMEND DECLINED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

The warning issued in *Quiones v. DPA Landlords*, No. 25-CV-5306 (LLS) (S.D.N.Y. July 10, 2025) remains in effect.

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: October 25, 2026
New York, New York

Louis L. Stanton
Louis L. Stanton
U.S.D.J.